UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Gina Leone, | Civil Action No.: 12cv0604 (WMS) |
| Plaintiffs, | |
| v. | Amended Complaint |
| Invoice Audit Services, Inc. and Rickard Briggs, | |
| Defendant. | |

_____

## INTRODUCTION

1. Plaintiff Gina Leone brings this action for actual and statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices while attempting to collect a debt.

## JURISDICTION AND VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant Invoice Audit Services, Inc. transacts business in this District and the conduct complained of occurred in this District.

4. Plaintiff Gina Leone is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

5. Defendant Invoice Audit Services, Inc., (hereinafter "IAS") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania. IAS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant IAS regularly attempts to collect debts alleged to be due another.

7. Defendant Rickard Briggs is an individual residing in the State of Pennsylvania. Rickard Briggs is the President and Chief Executive Officer of defendant IAS. Mr. Briggs (a) created the collection policies and procedures used by IAS and its employees, (b) managed the daily collection operations of IAS, (c) oversaw the collection policies and procedures used by IAS and its employees, (d) ratified the unlawful debt collection policies and procedures used by IAS and its employees, and (e) had knowledge, approved and ratified the unlawful debt collection practices used by IAS and its employees to collect an alleged debt from Plaintiff

8. Defendant Rickard Briggs regularly attempts to collect debts alleged to be due another.

9. Any and all acts of the Defendants hereinafter alleged were performed by Defendants' employees, while under the scope of the Defendants' actual or apparent authority.

10. Any and all references to "Defendants" herein shall include the Defendants and/or an employee of the Defendants.

## **FACTUAL ALLEGATIONS**

11. That Plaintiff Gina Leone is alleged to have incurred and defaulted on two separate debts to Quest Diagnostics, Inc. Said alleged debts will hereinafter be referred to as "the subject debts".

12. The subject debts are "debts" as that term is defined by 15 U.S.C. §1692a(5).

13. On or about June 4, 2012, Defendants made initial contact to Plaintiff by mail at Plaintiff's residence. True and correct copies of Defendants' letters dated June 4, 2012 are attached hereto as Exhibits "A" and "B".

14. Said contacts are "communications" as that term is defined by 15 U.S.C. §1692a(3).

15. During said communications, Defendants failed to disclose they are debt collectors attempting to collect a debt and any information obtained would be used for that purpose.

16. Defendants failed to state, in written notices, within five days of said initial communications, that unless Plaintiff, within thirty days after receipt of said notices, disputes the validity of the debts, or any portions thereof, the debts will be assumed to be valid by the Defendants.

17. Defendants failed to state, in written notices, within five days of said initial communications, that if Plaintiff notifies the Defendants, in writing, within thirty days after receipt of said notices, that the debts, or any portions thereof, are disputed, the Defendants will obtain verification of the debts or copies of judgments against Plaintiff and copies of such verification or judgment will be mailed to Plaintiff by the Defendants.

18.     Defendants failed to state, in written notices, within five days of said initial communications, that if Plaintiff requests from the Defendants, in writing, within thirty days after receipt of said notices, the name and address of the current creditor of the subject debts, the Defendants will provide the Plaintiff with the name and address of the original creditor of the subject debts, if different from the current creditor of the subject debts.

19.     On or about June 4, 2012, Plaintiff received separate invoices from the current creditor of the subject debts. True and correct copies of said invoices dated June 4, 2012 are attached hereto as Exhibits "C" and "D".

20.     Said invoices reference the same invoice numbers and identical dollar amounts contained in Defendants' written communications made on or about June 4, 2012.

21.     Plaintiff became confused by the duplicate demands for payment and to whom the subject debts are allegedly owed.

22.     On or about June 15, 2012, Plaintiff contacted Defendants IAS by telephone and spoke with Tracy.

23.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

24.     During said communication, Defendant IAS failed to disclose the communication was from a debt collector.

25.     During said communication, in response to Plaintiff's inquiry if Defendant IAS was a collection agency, Defendant IAS stated "No ma'am. We are just a customer service program on behalf of Quest."

## CAUSES OF ACTION

26. The aforementioned acts of the Defendants have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

27. Defendants violated 15 U.S.C. §1692e(11) on or about June 4, 2012, in the written communications made that day, by failing to state attempts to collect a debt by debt collectors and any information would be used for that purpose.

28. Defendants violated 15 U.S.C. §1692g(a)(3) on or about June 4, 2012, in the written communications made that day, by failing to state, in written notices, within five days of initial communication with Plaintiff, that unless Plaintiff, within thirty days after receipt of said notices, disputes the validity of the debts, or any portions thereof, the debts will be assumed to be valid by the Defendants.

29. Defendants violated 15 U.S.C. §1692g(a)(4) on or about June 4, 2012, in the written communications made that day, by failing to state, in written notices, within five days of initial communication with Plaintiff, that if Plaintiff notifies the Defendants, in writing, within thirty days after receipt of said notices, that the debts, or any portions thereof, are disputed, the Defendants will obtain verification of the debts or copies of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the Defendants.

30. Defendants violated 15 U.S.C. §1692g(a)(5) on or about June 4, 2012, in the written communications made that day, by failing to state, in written notices, within five days of initial communication with Plaintiff, that if Plaintiff requests from the Defendants, in writing, within thirty days after receipt of said notices, the name and address of the current creditor of the subject debts, the Defendants will provide the

Plaintiff with the name and address of the original creditor of the subject debts, if different from the current creditor of the subject debts.

31. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), and 15 U.S.C. §1692e(10) on or about June 4, 2012, in the written communications made that day, by requesting payment for alleged debts which the current creditor contemporaneously requested payment for. Said requests by Defendant misrepresented the character, amount, and legal status of the debts.

32. Defendants violated 15 U.S.C. §1692e(11) on or about June 15, 2012, in the oral communication made that day, by failing to identify itself as debt collectors.

33. Defendants violated 15 U.S.C. §1692e(11) on or about June 15, 2012, in the oral communication made that day, by denying they were a debt collector and stating it was a customer service program. Said statement is false, deceptive, and misleading because Defendants are a debt collector.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages for the Plaintiff of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

(d) For any and all additional relief as this Court deems just and proper.

## **JURY DEMAND**

Please take notice that Plaintiff demands a trial by jury in this action.

Date: October 5, 2012

Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh, Esq.
PO Box 714
Getzville, NY 14068
chubineh@yahoo.com
Tel: 716-864-0715
Fax: 716-478-8540
Attorney for Plaintiff
